### H. J. ALLEN & BROS. v. G. MELTON.

(Case No. 5555.)

1. COMPLETE SALE.— In the sale of goods, when anything remains to be done by the seller, such as counting, weighing and measuring, the title does not pass when either of these operations is necessary in order to separate the goods from a larger mass, of which they form a part.

APPEAL from Taylor. Tried below before the Hon. M. A. Spoonts, Special Judge.

Appellants brought this suit against appellee June 4, 1884, in a justice's court, to recover the sum of $61.74, the value of two thousand nine hundred and forty feet of lumber claimed to have been taken and used by appellee. Judgment was rendered for appellee June 30, 1884, and an appeal was taken to the county court; the judge thereof being disqualified, the cause was transferred to the district court, where it was tried without a jury, and judgment was again rendered for the appellee.

The case made was that appellee took and used two thousand nine hundred and forty feet of lumber belonging to them, of the value of $61.74. Appellee claims that the lumber was sold by G. A. Porter, the agent of appellants, to H. A. Porter, and that he purchased the same from the latter.

*Chas. I. Evans,* for appellants, cited: Benj. on Sales, 323, 390–91, 422, 428–9, 430, 469, 955–6, 959, 950 and note; Chitty on Cont. (9th Am. ed.), pp. 8, 26; Whitis *v.* Polk, 36 Tex., 602; Hughes *v.* Prewitt, 5 Tex., 264; Mayfield *v.* Cotton, 21 Tex., 1.

*G. A. Kirkland,* for appellee.

WATTS, J. COM. APP.— Appellee's only defense to the action was based upon an asserted sale of the lumber by G. A. Porter, the agent of appellants, to H. A. Porter. And upon a consideration of the evidence adduced, the court below found that such sale had been

made as would vest the title to the particular lumber in H. A.
Porter, and which by his sale passed to appellee.

This finding of the court is not supported by, but is against, the
evidence.   There was no delivery of the lumber to H. A. Porter; it
had not been separated from the mass of lumber with which it was
mixed.   As said by Judge Story in his work on Sales, section 296:
"No sale is complete, so as to vest in the vendee an immediate right
of property, so long as anything remains to be done between the
buyer and seller in relation to the goods.   The goods sold must be
separated and identified by marks and numbers, so as to be com-
pletely distinguished from all other goods, or from the bulk or mass
with which they happen to be mixed."

And as was said in Cleveland v. Williams, 29 Tex., 211: "It is
certainly correct, as laid down in the books, that where anything
remains to be done by the seller, such as counting, weighing or
measuring, the title does not pass, when either of these operations
is necessary in order to separate the goods from a larger mass, of
which they form a part."

Here the proof shows not only a failure to separate the lumber in
question from the mass with which it was mixed, and of which it
formed a part, but also that the negotiations had between G. A. and
H. A. Porter did not amount to a contract of sale.   There was no
understanding between them as to the particular quantity of lumber
desired by H. A. Porter, nor the terms upon which it was to be sold.
While the evidence shows that there were negotiations between
them with respect to lumber, yet it also shows that no contract of
sale had been concluded between them.   Appellee knew, at the time
he made the purported purchase, that G. A. Porter held the lumber
as the agent of appellants.   And he also ought to have known that
the lumber had not been delivered to H. A. Porter, for appellee
separated and selected the lumber from the mass without the knowl-
edge or consent of G. A. Porter.

As H. A. Porter had no title to the property, evidently appellee
acquired none by his pretended purchase from him.   Horne v. Chat-
ham & Co., Tex. Court Reporter, p. 12.

Our conclusion is that the judgment ought to be reversed, and
the supreme court should render such judgment as ought to have
been rendered in the court below, viz., that appellants have and re-
cover of appellee the sum of $61.74, with eight per cent. per annum
interest thereon from April 9, 1884, together with the costs of suit.

REVERSED AND RENDERED.

[Opinion adopted May 26, 1885.]