### CROWDUS BROS. v. B. H. SANDERS & Co.

#### (No. 5942.)

APPEAL from Eastland County.  Opinion by WILL-SON, J.

R. B. TRULY, counsel for appellants.

J. H. CALHOUN and WEST & McGOWN, counsel for appellees.

§ **461.** *Contract construed to be executory; title to chattels does not pass under such contract; case stated.* Appellees sold to J. R. Tucker a car-load of oats, the contract of sale being as follows:

"HILLSBOROUGH, TEXAS, Dec. 23, 1886.

"We have this day sold to J. R. Tucker one car-load of oats, to be delivered in Cisco, at fifty-two cents per bushel, two hundred dollars to be paid by Crowdus Bros., with bill lading attached, balance secured by bill of sale on hay, bill of sale dated 23d day of Dec., 1886.

[Signed]  "B. H. SANDERS & Co.

"Signed and delivered in presence of W. H. Hay."

Thereafter Tucker sold said oats to appellants, and they took and appropriated the same.  Appellees brought this suit to recover of appellants the value of said oats — $522.50 — and recovered judgment for said amount and costs.  *Held:* The contract of sale from appellees to Tucker was executory.  There still remained something to be done to complete the sale.  The oats had to be de-

livered at Cisco, with bill of lading accompanying them, and appellants were to pay appellees $200. Until these conditions were performed by the parties respectively, the sale was incomplete, and the title to the oats did not pass to Tucker. If the oats had been destroyed before delivery at Cisco by appellees, the loss would have been theirs and not Tucker's. [Cleveland v. Williams, 29 Tex. 205; Allen v. Melton, 64 Tex. 219; 1 App. C. C. §§ 78, 1110; 2 App. C. C. §§ 152, 153.] When Tucker sold the oats to appellants they had not been delivered to him, nor had appellees been paid the $200 called for by the contract. Tucker, not having acquired title to the oats, could not convey title thereto to appellants, although appellants may have purchased from him in good faith, for a valuable consideration, and without notice that appellees owned the oats. [Dodd v. Arnold, 28 Tex. 97; Case v. Jennings, 17 Tex. 662; 1 App. C. C. § 1168.]

April 20, 1889.                                    Affirmed.