Gravity Canal Company v. C. L. J. Sisk et al.

Decided May 11, 1906.

1.—Sequestration—Motion to Quash.

A motion to quash a writ of sequestration may be filed and acted on at any time before the case is disposed of.

2.—Same—Description of Property.

It appeared from the application for sequestration that plaintiff claimed an undivided portion of a crop, and that such portion had not been designated or set apart to plaintiff in any way by which it could be identified. Held, the sequestration proceedings were properly quashed on the ground that the property sought to be subjected to the writ was not sufficiently described to enable the officer to identify it.

3.—Written Contract—Parol Evidence—Interpretation.

It was error to exclude evidence offered by plaintiff to show that its failure to irrigate defendants rice crop was due to the failure of defendant's landlord to keep in repair a lateral ditch which said landlord had agreed to do when renting the land to defendants. This evidence would not have varied the written contract between plaintiff and defendants, but only shown the circumstances under which it was executed.

Error from the District Court of Matagorda County. Tried below before Hon. Jesse Matthews.

*Gaines & Corbett,* for plaintiff in error.—The contract showing that

the canal company's portion of the rice became its absolute and separate property as soon as it left the threshing machine, and it being impossible to sequester sacks of rice before it was threshed, there was no executory contract but an absolute right of possession and absolute ownership in the plaintiff. Griffin v. Chubb, 7 Texas, 613; Brewer v. Blanton, 66 Texas, 533; Robertson v. Hunt, 77 Texas, 321; Tillman v. Janks, 4 Texas App. Civ., p. 245; Anderson v. Levyson, 1 Texas App. Civ., pp. 521, 522; Watt v. Overstreet, 78 Texas, 572.

The property sought to be sequestered was described in the affidavit as completely as it was possible to describe it, and the description was sufficient to identify and distinguish it. Hopkins v. Partridge, 71 Texas, 606; Anderson v. Levyson, 1 Texas App. Civ., p. 521; Clopton v. Goodbar, 55 S. W. Rep., 972.

It was error in the court to refuse to charge the jury as to the contract requiring five days notice in writing, said provision not being pleaded or proven unreasonable, and not having been pleaded as waived, and no consideration being shown for waiving the provision. Greene's Digest, vol. 2, p. 4654; Porter v. Heath, 2 Texas App. Civ., 115; Texas Banking Co. v. Hutchins, 53 Texas, 70; Merchants' Ins. Co. v. Dwyer, 1 Posey's U. C., p. 449; Security Co. v. Caruthers, 32 S. W. Rep., 841; East Texas Fire Ins. Co. v. Brown, 82 Texas, 636.

*J. W. Conger* and *W. C. Carpenter,* for defendant in error.—A motion to quash may be filed and acted on at any time before the case is disposed of. Wheeler v. Wheeler, 65 Texas, 576.

The court did not err in quashing the sequestration proceedings, (1) because the contract was executory. Cleveland v. Williams, 29 Texas, 204; Morgan v. Taylor, 32 Texas, 363; Allen v. Milton, 64 Texas, 218; Boaz v. Snyder, 69 Texas, 128; Woods v. Halff, W. & Co., 44 Texas, 633. (2) Because the description was insufficient. Huckins v. Leitner, 4 Texas App. Civ. Cases, sec. 16; Rev. Stats., art. 4865, par. 3; Morgan v. Turner, 4 Texas Civ. App., 198.

PLEASANTS, ASSOCIATE JUSTICE.—The Gravity Canal Company brought this suit against C. L. J. Sisk and J. L. Phelps to recover one-fifth of the rice grown by the defendants in the year 1904 upon a tract of land in Matagorda County, described in the petition.

The suit is based upon a written contract executed by plaintiff and the defendants, by the terms of which plaintiff undertook, upon certain conditions named in said contract, "to use its best endeavors" to furnish a sufficient quantity of water through its canal and laterals to properly irrigate the rice planted by defendants on said land, and in consideration of such agreement and undertaking by plaintiff the defendants agreed and promised to deliver to plaintiff, as compensation for its service in furnishing the water, one-fifth of all the rice raised by them on said land.

The petition alleges that plaintiff fully complied with its contract, but defendants have failed and refused to deliver to plaintiff the rice due it thereunder. The quality and value of the rice due plaintiff under the contract is alleged, and judgment is asked for said rice or its value.

At the time this petition was filed plaintiff applied for and obtained

a writ of sequestration which it caused to be levied upon 58 sacks of rough rice valued by the officer making the levy at $116. The rice levied on under this writ was replevied by the defendants by the execution of a replevy bond as provided by the statute.

The defendants demurred generally and specially to the petition, and, answering by special plea, admitted the execution of the contract as alleged in the petition, but averred that plaintiff had failed to comply with its contract to furnish sufficient water for the irrigation of their rice crop, and by reason thereof all of the rice planted by them, except that on about 35 acres of their land, died, and they were thereby damaged in the sum of $800 for which amount they prayed judgment against the plaintiff.

After the parties had announced ready for trial defendants presented a motion to quash the affidavit and writ of sequestration which was sustained by the court.

The trial by a jury resulted in a verdict and judgment in favor of defendants on their cross-action against plaintiff for the sum of $600.

The contract sued on contains the following provisions:

"That the said party. of the first part hereby covenants and agrees to use its best endeavors to furnish a sufficient quantity of water through its canal and laterals, in addition to the natural rainfall, to properly irrigate the rice planted by second party (provided there shall be reasonable stand) on the following described lands, to wit: about — acres in the south side of the Lewis & Robertson survey out of the Devine League, Matagorda County, Texas."

"Said first party agrees to use diligence in furnishing water for irrigation, but in case of accident to its machinery; injury to its canal (beyond its control) ; failure of its water supply, or through the acts of God it is unable to furnish water as agreed, first party shall not be held in damages, but shall be under obligation to use diligence to make the needed repairs; but if said first party negligently or intentionally fails to water the above described land according to the terms of this contract, then second party agrees that the measure of damages shall not exceed $4 per acre for each acre having a stand and not being watered."

"Said party agrees to pay the first party as full compensation for water furnished for his crop during 1904 one-fifth of the rice at each setting of the machine, sewed in new sacks; and it is especially agreed that the canal company's portion becomes its absolute and separate property as soon as it leaves the threshing machine."

"Said second party agrees to give the company at least five days notice in writing when water is desired, either by delivering said notice in person or mailing same."

The application for sequestration describes the property claimed by plaintiff as follows:

"One-fifth of all the rice grown by C. L. J. Sisk and J. L. Phelps on about two hundred acres of land out of and a part of the Silvey league of land in Matagorda County, Texas, and being out of the southern side of the land commonly known as the Lewis & Robertson survey out of said Silvey league; that said rice is now being threshed, sacked and sewed, and plaintiff's share of said rice will aggregate about 200 sacks

of rice of the value of $2 per sack for each and every one of said sacks; that plaintiff is the owner of said 200 sacks of rice, or one-fifth of all the rice raised on said land, and is entitled to the possession thereof. That all of this property is situated in Matagorda County, Texas, and that such property is worth in the aggregate $400."

The motion to quash the application and writ of sequestration was made on the ground, among others, that the description of the property contained in the application did not sufficiently identify it in that the contract sued on was only an executory contract of sale, and the title to the rice due plaintiff thereunder did not pass to it until said rice was threshed and sacked, and there was no description given by which the one-fifth part of the rice produced at each setting of the thresher could be identified by the officer, or distinguished from the mass of rice of which it was a part.

We shall not consider catagorically the various assignments presented in appellant's brief, but will, in a general way, dispose of all the questions raised which we deem material.

There was no error in overruling the general demurrer to defendants' cross-bill. The land upon which defendants' crop of rice was planted is described in the petition as "about 200 acres out of the south side of the Lewis and Robertson survey out of the Silvey league of land in Matagorda County" and the cross-bill described the crop of rice, for injury to which defendants sought to recover damages, as that planted by them upon the land described in plaintiff's petition. We think this description was sufficient to identify the crop of rice in controversy, a more accurate description of the land for that purpose being unnecessary.

A motion to quash auxiliary proceedings by sequestration is not required to be filed or presented before pleas to the merits, but may be filed and acted upon at any time before the case is disposed of, and the trial court did not err in entertaining defendants' motion to quash the sequestration proceedings in this case after the parties had announced ready for trial and a jury had been demanded by the defendants. (Wheeler v. Wheeler, 65 Texas, 573.)

We think the objection to the application for sequestration, on the ground that the property sought to be subjected to the writ was not sufficiently described to enable the officer to identify it, was valid, and the trial court properly sustained the motion to quash the sequestration proceedings on that ground. It is clear, under the contract sued on, that plaintiff had no title to any of the rice until it was threshed and sacked and plaintiff's one-fifth portion designated and set apart to it. (Cleveland v. Williams, 29 Texas, 204; Allen & Bro. v. Melton, 64 Texas, 218; Boaz & Co. v. Schneider & Davis, 69 Texas, 128.) The application not only fails to describe a segregated portion of the rice, but negatives the idea that it had been threshed or that any specific portion of it had been designated or set apart to plaintiff in any way by which it could be identified, and a writ is asked directing the officer to seize and take into his possession an undivided one-fifth of all the rice grown by the defendants upon a described tract of land. Under such a writ the officer would be called upon to partition the property, and this he was not authorized to do.

Upon the trial the plaintiff offered evidence to show that the land

cultivated by defendants was rented by them from R. W. Lewis and was situated one-fourth of a mile distant from the nearest lateral of plaintiff's irrigating plant, and that it was understood between plaintiff and defendants at the time the contract was made that the water to irrigate defendants' crop was to be conveyed to them through a lateral owned by Lewis and extending across his farm from the land leased by defendants to a connection with plaintiff's canal which was contiguous to the Lewis farm; and further, that the failure of plaintiff to furnish sufficient water for defendants' crop was due entirely to the fact that their landlord permitted his lateral to become and remain in such condition that water could not be conveyed through it to that portion of his farm upon which defendants' crop was situate, and that defendants had admitted that plaintiff had done everything in reason to water their crop and it was not plaintiff's fault that the crop was not sufficiently irrigated but the fault of their landlord, Lewis, in not complying with his rental contract which required him to keep the lateral, through which defendants' crop was to be supplied with water, in good condition.

We think this evidence was improperly excluded. The contract does not in express terms require plaintiff to provide the means of conveying the water to the land leased by defendants, and if defendants had a contract with the landlord by which he obligated himself to keep the lateral connecting the land rented by them with the plaintiff's canal in repair, and the contract between plaintiff and defendants only contemplated that plaintiff should furnish water to defendants through this lateral, which it was under no obligation to keep in repair and over which it had no control, it could not be held liable for the insufficient supply of water due entirely to the failure of Lewis to keep his lateral in repair. This evidence would not have varied the terms of the written contract, but would have interpreted and explained its provisions as to the extent of plaintiff's undertaking by showing the circumstances under which it was executed and the relation of the parties to its subject matter.

The evidence shows that no written demand was made by the defendants on plaintiff to furnish water for their rice until the 15th day of June and that at the time such demand was made a portion of defendants' crop had perished for lack of water. Upon this state of facts the plaintiff requested the court to instruct the jury that they should not in arriving at their verdict consider any damage to defendants' crop by reason of the failure of plaintiff to furnish water therefor which accrued prior to five days after written demand for the water was made by the defendants. This charge should have been given. The contract limits plaintiff's liability for damages to its failure to furnish water after a written demand therefor had been made by the defendants, and there is neither pleading nor evidence to sustain the defendants' contention that this provision of the contract had been waived by the plaintiff.

If the various assignments presented in the brief show any other error it is not such as is likely to occur upon another trial and it is unnecessary to discuss the remaining questions presented in the brief.

Because of the errors above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*