**HUMPHREYS–STORTS INS. AGENCY et al.
v. HOFFMAN. (No. 2765.)**

(Court of Civil Appeals of Texas. Texarkana.
June 21, 1923. Rehearing Denied
June 28, 1923.)

**Trover and conversion ⬤⟳35—Burden of proving disputed identity of automobile on plaintiff.**

In an action for conversion of an automobile, the answer alleging theft of the car from defendant's policy holder to whose rights defendant was subrogated, the burden of proving the identity of the car was on plaintiff throughout the trial, and it was reversible error to place the burden on defendant.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by C. N. Hoffman against the Humphrey-Storts Insurance Agency and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Slay, Simons, Smith & Morris, of Fort Worth, for appellants.

Callaway & Shead and Simpson & Moore, all of Fort Worth, for appellee.

HODGES, J. The appellee sued the appellants, the Humphreys-Storts Insurance Agency, David W. Humphreys and Charles Storts as individuals, and the Union Marine Insurance Company, to recover damages for the conversion of an automobile which he valued at $3,000. He filed an affidavit and bond, and secured the issuance of a writ of sequestration. The property was later replevied by the appellants. The car was described as a Cole Eight, 1920 sport model.

The appellants answered by a general denial, and specially pleaded that they were engaged in the insurance business, and that the car in question had been stolen from one Frank McDaniel; that after the theft the appellants had paid the loss to McDaniel, and under the policy of insurance they were subrogated to the title and ownership of McDaniel.

The court submitted the following issue to the jury:

"Was the automobile which was taken from the possession of plaintiff Hoffman by the appellants on the 24th of May, 1921, the same and identical automobile that was taken from the witness McDaniel in September, 1920?"

In that connection the court instructed the jury that the burden of proof was upon defendants to establish by a preponderance of the evidence the affirmative of that issue. The jury answered the question in the negative. Upon that and other findings not necessary to here discuss the court entered a judgment in favor of the appellee for the value of the car.

The testimony regarding the identity of this car with the one stolen from McDaniel was in some respects conflicting. The plaintiff testified that he purchased the car at Sweetwater, Tex., from one J. B. Stiff, in February, 1921, and paid Stiff the sum of $1,750 as the purchase price; that the car was later taken from his possession by an agent of the appellants, under the claim that it was the stolen car. Stiff testified that he purchased the car in August of 1920 from a man by the name of Hendricks, whom he met in Fort Worth. There is no evidence as to where Hendricks got the car. He did not testify upon the trial. McDaniel testified that he lost his car in September of 1920, but was unable to fully identify the car in controversy as the one which he had lost. The evidence was undisputed that this car had been repainted; that it was the same model and make of the car formerly owned by McDaniel. It was also shown that the Cole cars had two numbers for identification. One of these was what was called a secret "motor" number, and was located at the rear of the motor base and on the left side; the other number, on the front, was easily found by any one. The number on the front end, according to the evidence, showed signs of having been tampered with. The secret number was the identical number borne by the car stolen from McDaniel. Stiff was permitted to examine the numbers on this car during the trial. He admitted that he did not know of the presence of this secret number, and corroborated appellants' witnesses as to what that number was. The testimony also showed that the number on the front end of the motor base, the one open to observation, was not the number borne by cars of the 1920 model. Several witnesses testified that Stiff had the reputation of being an automobile thief. It was mainly upon his testimony that the appellee depended to make out his case. Practically the only testimony relied on to disprove the identity of this car with the stolen car was the statement of Stiff that he owned this car in August of 1920, when McDaniel had testified that he lost his car in September of 1920. If both these statements be true, then this was not the stolen car. We are of opinion that the great weight of the evidence tends to show that it was the identical car which McDaniel had lost.

However, we pass from a discussion of the sufficiency of the evidence to the charge of the court on the burden of proof. This being a suit for conversion, it devolved upon the plaintiff to prove that the property was his, and that burden remained throughout the entire trial. But the court in his charge placed the burden of proving the controlling fact by which the identity of the property

was to be tested upon the defendants in the suit. That, we think, was error, and one for which the judgment should be reversed. Clark v. Hills, 67 Tex. 141, 2 S. W. 356; Railway Co. v. Lauricella, 87 Tex. 279, 28 S. W. 277, 47 Am. St. Rep. 103; St. L., etc., Ry. Co. v. Parks, 97 Tex. 134, 76 S. W. 741; Jones v. Prospect, etc., Tunnel Co., 21 Nev. 349, 31 Pac. 645.

The appellee having brought this suit upon the averments that the car was his property, he assumed the burden of proving all the essential facts required to show ownership. If, as is stated in the cases cited above, the evidence was evenly balanced and left the matter in doubt, a verdict should have been rendered in favor of the defendants in the suit.

The judgment will be reversed, and the cause remanded for a new trial.