SATTERFIELD v. KNIPPEL et al.
No. 5529.

Court of Civil Appeals of Texas. Amarillo.
March 15, 1943.

C. C. Jopling, of La Grange, for appellant.

Moss & Moss, of La Grange, for appellees.

STOKES, Justice.

Appellant, Ella Mae Satterfield, instituted this action against appellees, Fritz Knippel, Jr., A. H. Peschal, and Charles F. Meitzen, in which she sought damages of $800 for conversion of fourteen head of cattle which she alleged belonged to her and were sold by Meitzen to Knippel, and some of them sold by Knippel to Peschal. Charles F. Meitzen died pending the suit and appellant dismissed as to him. The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of appellees and denying appellant any recovery. Appellant duly excepted to the judgment and perfected an appeal to the Court of Civil Appeals of the Third District. Upon an order entered by the Supreme Court equalizing the dockets of the Courts of Civil Appeals the case was transferred to this Court.

By a number of assignments of error appellant contends that the court erred in rendering judgment against her, because the undisputed evidence showed that the fourteen head of cattle described in her petition were her property and that they were unlawfully and without authority sold by Meitzen to Knippel and received and disposed of by the latter to her damage in the amount alleged.

The record shows that Charles F. Meitzen was a bachelor and that for many years he lived on a tract of land near the town of Fayetteville which he held under a lease and upon which he maintained a number of cattle; that for about fifteen years appellant was employed by him as a domestic servant and during that time she purchased three cows which produced calves so that, including the cows and their increase, she owned at least fourteen head of cattle on July 2, 1941. About March 20, 1941, or shortly prior thereto, appellant moved to Houston and apparently did not return to Fayetteville more than once or twice thereafter; that on one of these occasions she remained for one week and on that occasion Meitzen gave her a written statement to the effect that she owned thirteen head of cattle then located in his pasture, giving a very general description of each of them. After appellant returned to Houston, Meitzen became stricken with some disease and was removed to a hospital at La Grange where he remained for several weeks and then was removed to a hospital at San Antonio where he later died. On July 2, 1941, while he was in the hospital at La Grange he sold twenty-nine head of cattle to appellee, Fritz Knippel, and executed a bill of sale in which descriptions of a meager nature were given of each of them. Some of the cattle so purchased by Knippel were later sold to appellee Peschal. Appellant contends that the fourteen head of cattle belonging to her were among those which Knippel procured under the bill of sale from Meitzen.

We are unable to agree with appellant in her contention that the undisputed evidence showed that some of her cattle were sold to Knippel by Meitzen or received by Knippel and thereby converted by him.

Appellant was the only witness who attempted to identify any of the cattle received by Knippel from Meitzen as being her property and she did not see any of them after they were received by Knippel under the sale. The only basis upon which she attempted to identify her cattle was the bill of sale executed by Meitzen and her familiarity with the descriptions of the cattle owned by her. Having brought the suit upon allegations that the cattle which Knippel received in the sale from Meitzen belonged to her, she assumed the burden of proving the identity of the cattle, as well as her ownership of them. It is elementary that in a suit for conversion the plaintiff must allege his ownership and by competent testimony establish the fact of his ownership and right to possession of the identical property alleged to have been converted. Citizens' Loan Inv. Co. v. Young, Tex.Civ.App., 247 S.W. 662; Humphreys-Storts Ins. Agency v. Hoffman, Tex.Civ.App., 254 S. W. 154; Oliver Chilled Plow Works v. Askey, Tex.Civ.App., 22 S.W.2d 743; In-

land Waterways Pipe Line Co. v. Lipstate, Tex.Civ.App., 78 S.W.2d 240; Beitel v. Beitel, Tex.Civ.App., 109 S.W.2d 345.

The first item in the bill of sale executed by Meitzen to Knippel described the property as "One bald-face cow and calf." Appellant testified that the cow and calf included in this item belonged to her and that the cow was one of the four red Hereford cows with white faces and heavy horns described in her petition. The description of this cow given in her petition was practically identical with the description of four such cows included in the statement of Charles F. Meitzen to appellant of March 20, 1941. In that statement Meitzen described the cattle as "Four red Hereford cows with white faces and heavy horns, all to have calves' within a few weeks." As we have said, appellant had not seen any of the cattle after they passed into the hands of Knippel under the bill of sale. Her testimony was based solely upon the bill of sale and her knowledge of the cattle owned by her. Obviously, therefore, she could not know that "one bald face cow * * *" was the same animal as one of four red Hereford cows with white faces and heavy horns.

Another item in the bill of sale consisted of "Two Jersey horned cows and calves." Appellant testified that these cows were the two Jersey cows which she bought from Eddie Orsie. This testimony was also based solely upon the bill of sale and appellant's familiarity with the descriptions of her cattle, since appellant had not seen the cattle after they were delivered to Knippel, and we think it is obvious, also, that she could not know from these sources alone that the "two Jersey horned cows and calves" described in the bill of sale were the identical cattle owned by her 'and that had been located in Meitzen's pasture. Moreover, appellant and other witnesses testified that Meitzen owned a number of cattle that were located in the same pasture. Some of his cattle were of the same general descriptions as those owned by appellant, and from appellant's testimony, based alone upon the bill of sale and her knowledge of the description of her cattle, it can not be said with that degree of certainty which is necessary to warrant us in disturbing the judgment of the trial court that the cattle described in the bill of sale and delivered to Knippel were the identical cattle owned by appellant.

 Appellant's testimony concerning the identity of the other cattle which she claimed belonged to her and that were included in the bill of sale was of the same nature as that concerning the two items to which we have referred, and it constituted nothing more than her opinion. She failed, therefore, to establish her ownership of the identical property which she alleged had been converted by the appellees. Thus, the burden of proof resting upon her was not discharged, and the court would not have been warranted in rendering judgment in her favor.

We find no error revealed by any of the points urged by appellant, and the judgment of the court below will therefore be affirmed.