## O'CONNOR v. FRED M. MANNING, Inc.
### No. 2960.

Court of Civil Appeals of Texas. Eastland.

Feb. 6, 1953.

O'Connor & Douglass, Dallas, C. J. O'Connor, Breckenridge, for appellant.

Harrell & Harrell, Breckenridge, for appellee.

COLLINGS, Justice.

This suit was brought by C. J. O'Connor against Fred M. Manning, Inc., seeking damages in the sum of $9,450 and interest thereon for the alleged conversion of certain oil well casing. At the conclusion of plaintiff's evidence in a trial before a jury, the court granted defendant's motion for an instructed verdict and judgment was entered thereon. C. J. O'Connor has brought this appeal.

It was alleged by appellant O'Connor that he had deposited with appellee, Fred M. Manning, Inc., through Manning's agent, E. L. Gerhardt, 2,700 feet of seven-inch seamless oil well casing, with the understanding and agreement, orally, that appellee would deliver such casing to plaintiff on or after January 1, 1951, which was four months after the date of the alleged contract and agreement; that on and after the agreed date for delivery of the pipe, appellant O'Connor, on several occasions, demanded of appellee the delivery of such pipe at appellee's yard in Breckenridge, Stephens County, Texas, where appellee agreed to hold same for him; but that appellee failed and refused to deliver the pipe to appellant and appropriated the same to his own use and benefit.

The trial court did not err in instructing a verdict against appellant and entering judgment in favor of appellee, Fred M. Manning, Inc., because there was no evidence to support appellant's allegation that he deposited with appellee 2,700 feet of new seven-inch seamless oil well casing, which he alleged appellee converted to its own use and benefit. We cannot agree with appellant's contention that the contract under which he claims title to the pipe was completely performed. The following evi-

278

dence is the substance of that relied upon by appellant to show his ownership of the pipe and that appellee was holding same for him.

Appellant O'Connor testified that he was the owner of an oil well in Stephens County which off-set wells belonging to appellee Manning; that several times during the year prior to the alleged agreement under consideration, a Mr. Gerhardt, an employee of appellee, had talked to appellant about letting them take over his well and use it as an input well for salt water from the wells on the Manning lease; that appellant's well was over 3,200 feet deep and had a salt water strata and they wanted to take the salt water produced from the wells on the Manning lease and get rid of it by putting it into appellant's well; that appellant told Gerhardt he had decided to abandon his well and would let them have it; that it was agreed between him and Gerhardt that in return for his well, which they estimated had about 2,700 feet of pipe that could be recovered, Manning would give to appellant 2,700 feet of new casing. O'Connor testified:

"He (Gerhardt) told me that he would put 2,700 feet of brand new seamless seven-inch casing on the rack with my name on it, and that nobody could bother it and nobody could touch it and nobody could move it, and I said, 'Well, could I come out there and get it?' And he said: 'It is not necessary. When I put your name on it, it is there for you.'"

Appellant admitted, however, that he did not know whether Gerhardt actually separated the casing which appellant was to receive from other pipe in Manning's yard; that he did not see or look for his name on any of the pipe; that he knew Gerhardt said he would set it aside for him, but he did not know whether or not he did.

In order for a purchaser to maintain an action for conversion it is necessary to allege and prove facts showing that he had, at the time of the alleged conversion, ac-

quired some right or title to the identical goods or chattels claimed to have been converted. 42 Tex.Jur., 530; 78 C.J.S., Sales, § 486, p. 155; Epstein v. Meyer Bros. Drug Co., 82 Tex. 572, 18 S.W. 592; Oliver Chilled Plow Works v. Askey, Tex. Civ.App., 22 S.W.2d 743; Beitel v. Beitel, Tex.Civ.App., 109 S.W.2d 345; Satterfield v. Knippel, Tex.Civ.App., 169 S.W.2d 795.

The testimony above summarized does not constitute any evidence of probative force that title to any casing passed to appellant by reason of the alleged oral contract. The evidence considered in its most favorable light to appellant showed no more than an executory contract of sale and does not show the passing of title or possession. Gerhardt did not set aside any specific pipe for appellant and separate it from other pipe stored in Manning's yard. The rule in such cases is that title remains in the seller until the quantity of goods or chattels purchased has been designated and separated from the mass of which it forms a part. 37 Tex.Jur., 449, 450; 53 Am.Jur. 921; L. H. Woods & Co. v. Half, Weiss & Co., 44 Tex. 633; Goldberg v. Bussey, Tex. Civ.App., 47 S.W. 49; Gravity Canal Co. v. Sisk, 43 Tex.Civ.App. 194, 95 S.W. 724; Temple Lumber Co. v. Arnold, Tex.Civ. App., 14 S.W.2d 926 (Writ Dis.); Davis v. Haslam Lumber Co., Tex.Civ.App., 213 S. W.2d 771 (Writ Ref. N.R.E.).

Appellant attempted to show title by the allegation that he had deposited 2,700 feet of new seven-inch seamless oil well casing with appellee, Fred M. Manning, Inc. Such allegation has no support in, but is contrary to, the undisputed evidence and the trial court did not err, but correctly granted appellee's motion for an instructed verdict and entered judgment thereon.

Questions presented in other points urged by appellant need not be discussed because the failure of the evidence to establish a material element of the cause of action plead by him is controlling.

The judgment of the trial court is affirmed.