**SMITH STEEL CASTING COMPANY,**
**Appellant,**

v.

**MOSLEY MACHINERY COMPANY, Inc.,**
**Appellee.**

**No. 4788.**

Court of Civil Appeals of Texas.

Waco.

March 6, 1969.

Rehearing Denied March 27, 1969.

arose), it being here alleged that a part of the cause of action arose in the county of suit. Appellant argues that the evidence fails to show any part of the proved cause of action arose in the county where the suit is pending.

■ Appellant insists that the demand for possession was received by telephone in the county of its domicile, and the demand on which the suit was based was rejected in that same county. But a "cause of action" includes the elements of right as well as duty; a legal right as well as a wrong and the invasion of that right by breach of duty. Phillio v. Blythe, 12 Tex. 124, 127; Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, 708; Mercantile Bank and Trust Co. v. Schuhart, 115 Tex. 114, 277 S.W. 621, 624. The communication of the demand and refusal relate only to the breach of duty.

■ The "cause of action," however, extends further. Appellee's right was to possession. That right arose out of a bailment which the evidence shows originated by an agreement between appellant and appellee as to the use of the patterns made in the county of suit. Appellant states in its brief that from the testimony of appellee's president it may be inferred that appellee's right to possession grew out of the agreement with appellant "for the manufacture of steel castings using such patterns", and we think the evidence supports the inference that the agreement as to the use to be made of the patterns was made in the county of suit, as well as the agreement to supply the patterns to appellant. A part of the cause of action was that interest of appellee in the property which gave rise to or constituted the basis of its right to possession. O'Connor v. Fred M. Manning, Inc., Tex.Civ.App., 255 S.W.2d 277, writ ref.; Gable Electric Service, Inc. v. Mims, Tex. Civ.App., 364 S.W.2d 292, 296, and cases cited. That portion of the cause of action having arisen in the county of suit, the venue fact relied on was established.

Affirmed.

Smith, Hall & Huffman, Ernest F. Smith, Marshal, for appellant.

McLaughlin, Clark, Fisher, Gorin & McDonald, Leonard L. Gorin, Waco, for appellee.

OPINION

WILSON, Justice.

Appellee sued appellant for damages resulting from the alleged conversion of steel casting patterns. The petition alleged the patterns were owned by appellee and they had been delivered to appellant for use in manufacturing castings for appellee. It was alleged that possession was demanded of and refused by appellant.

Appellant's plea of privilege was controverted by reliance on subd. 23 of Article 1995, Vernon's Ann.Civ.Stat. (which authorizes venue to be maintained against a private corporation in the county in which the cause of action "or a part thereof"