### WILL A. WATKIN MUSIC COMPANY v. T. J. BASHAM.

Decided January 11, 1908.

**Joint Obligation—Release of One.**

Where one of several joint obligors is released by the obligee, and it affirmatively appears that it was not the intention of the parties to release the other obligors, the release will be construed as a covenant not to sue and it will not affect the obligation of the co-obligors. Such release, however, does not affect the right of the obligors discharging the debt to contribution from the obligor released.

Appeal from the County Court of Dallas County. Tried below before Hon. H. F. Lively.

*Jno. M. McCoy* and *G. D. Hunt,* for appellant.—The effect of the instrument called a release given by plaintiff to Mrs. Nina Shinn is not the same as that of a technical release under seal at common law, but of a covenant not to sue. Merchants National Bank v. McAnulty, 31 S. W. Rep., 1091; Merchants National Bank v. McAnulty, 89 Texas, 124; Elgin City Banking Company v. Self, 35

S. W. Rep., 953; Parmelee v. Lawrence, 44 Ill., 405; Ellis v. Esson, 50 Wis., 138, 36 Am. Rep., 830; 24 Am. & Eng. Ency. of Law, 2d ed., p. 293; 4 Am. & Eng. Ency. of Law, 2d ed., p. 506, note 8; 1 Parsons on Contracts, p. 24.

The effect of the release being that of a covenant not to sue, the liability of defendant to plaintiff is the same as it would have been had there been no release given to Mrs. Shinn and plaintiff had elected to sue the defendant alone. Harrison v. Close, 2 Johnson, 448, 3 Am. Dec., 444, and authorities above.

*Guynes & Colgin*, for appellee.—Where there are two or more joint obligors on a contract or promissory note and one of them is discharged by a written instrument without the knowledge or consent of the others, and a reservation is made therein retaining the right of enforcement against the remaining joint obligors, the latter are absolved from all liability save and except as to the payment of their proportionate share of the obligation. Bates v. Wills Point Bank, 32 S. W. Rep., 340; Glasscock v. Hamilton, 62 Texas, 150.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought in the County Court of Dallas County, Texas, by appellant, Will A. Watkin Music Company, against appellee, T. J. Basham, to recover upon twelve promissory notes, executed on the 18th day of April, 1906, by appellee and one Mrs. Nina Shinn, and made payable to the appellant at Dallas, Texas, eleven of which are for the sum of $30 each, and one for the sum of $20, and to foreclose a chattel mortgage upon a certain piano for the purchase price of which said notes were given.

Appellee by first amended original answer pleaded that appellant, without his knowledge or consent, had released Mrs. Nina Shinn, who had also signed the notes; that he was surety on the said notes, and not principal, and that the release of Mrs. Shinn released him of all liability upon the notes. And further pleaded in the alternative that, if he was not a surety, he was a joint maker, praying that in the event the court found he was a joint maker, he be held liable for one-half of the amount of the notes.

Appellant by first supplemental petition pleaded that Mrs. Shinn had never been liable upon the notes; that it was understood by all the parties at the time of execution of the notes that appellee alone was to be looked to for payment of same; that, after the execution of the notes and while the piano in question was in the possession of Mrs. Shinn, appellee had promised appellant to pay the full amount of the notes, if the piano was delivered to him. That the release given by plaintiff to Mrs. Shinn in no way released appellee of his liability on the notes, as all of its rights against appellee were expressly reserved therein. That after obtaining the piano from Mrs. Shinn it had tendered the same to appellee, but that the latter refused to receive the piano or pay the notes, or any part of them. Appellant tendered the piano to appellee at the trial.

The case was tried before the court on the 20th day of December, 1906, without the intervention of a jury and judgment rendered in

favor of plaintiff for one-half of the amount of the notes, principal, interest, and attorneys' fees, $203.44, with foreclosure of lien upon piano. To which judgment plaintiff excepted, and perfected an appeal. The facts appear in the opinion.

*Opinion.*—On the 18th of April, 1905, T. J. Basham and Mrs. Nina Shinn executed and delivered to the Will A. Watkin Music Company, in the city of Houston, eleven promissory notes for $30 each and one for $20. Said notes drew six percent per annum interest to maturity and ten percent after maturity and also ten percent additional for attorney's fees, if placed in the hands of an attorney for collection. Said notes retained a lien on one Watkin Art Style Piano, No. 324050, and further provided that the failure to pay one or either of said notes, when the same became due, matured the unpaid notes and that said Will A. Watkin Music Company should have the right to take said piano on the failure of the makers to pay said notes, or either of them. These notes, with the check of Basham for $25, were given in payment of the piano upon which the lien was retained. They were the joint obligation of T. J. Basham and Mrs. Nina Shinn. When the first note became due and payable, on July 18, 1906, it was presented to both T. J. Basham and Mrs. Nina Shinn for payment, and payment was refused by each of them, and plaintiff then declared each and all of said notes due and payable. On August 11, 1906, Will A. Watkin Music Company, plaintiff, through its agent, E. I. Conkling, secured possession of said piano from Mrs. Nina Shinn by and through the execution of the following instrument, to wit:

"Houston, Texas, August 11, 1906.
"This is to certify we hereby agree to release Mrs. Nina Shinn of her obligation in payment for Watkin Art Style Piano. The notes of signature, bearing T. J. Basham and Mrs. Nina Shinn, will be maintained, holding said payment on said T. J. Basham until paid by him. This does not release said T. J. Basham of obligations to the said Will A. Watkin Music Company. They reserve the right to collect notes as prescribed therein.
"(Signed) Will A. Watkin Music Company,
"E. I. Conkling, Manager."

Said instrument of release of the said Mrs. Nina Shinn was executed and delivered by the plaintiff to said Mrs. Nina Shinn without the knowledge and consent of defendant, T. J. Basham.

The question raised by this appeal is, what construction is to be given to this instrument? The trial court, in effect, held that the same not only released Mrs. Nina Shinn from the payment of the notes as to plaintiff, but also released T. J. Basham, except as to his proportionate part, which he held was one-half of the amount of the notes, and proceeded to render judgment against him in plaintiff's favor for one-half the amount called for in the notes. This release expressly states that it does not release T. J. Basham, but the said Will A. Watkin Music Company reserves the right to

collect the notes as therein described. There can be no question then that the parties to the release did not intend to release T. J. Basham from the notes. Such release did not have the effect of a technical release; but must be construed as only an agreement not to charge the party to whom it is given. It is, in effect, a covenant not to sue Mrs. Shinn upon the notes, but leaves her co-obligor, Basham, liable thereon the same as if no release had been given. Merchants National Bank v. McAnulty, 31 S. W. Rep., 1091; Merchants National Bank v. McAnulty, 89 Texas, 124; Elgin City Banking Co. v. Self, 35 S. W. Rep., 953; Parmelee v. Lawrence, 44 Ill., 405; Ellis v. Esson, 50 Wis., 138; 36 Am. Rep., 830; 24 Am. & Eng. Ency. of Law, 2d ed., p. 293; 1 Parsons on Contracts, p. 25 (9th ed.). As between Basham and the plaintiff, he is liable for the full amount called for by the notes, but the notes being the joint obligation of himself and Mrs. Shinn, should he pay more than his first proportion of the same he is entitled to contribution. The instrument does not deprive Basham of the right to demand contribution of Mrs. Shinn in the event he pays more than his just proportion of the debt, notwithstanding she had been released by the music company. Merchants Nat. Bank v. McAnulty, 89 Texas, 124.

We are asked to reverse the judgment and render the same in favor of appellant for the full amount of the notes sued on. The case having been tried by the court without a jury and conclusions of fact filed, we will proceed to render such judgment as should have been entered in the trial court. It is ordered that the judgment be reversed and judgment here rendered for appellant for the amount of the notes sued on, with six percent per annum interest to their maturity and ten percent per annum interest from maturity to the present time with ten percent on the amount for attorneys' fees, and that appellant's lien on the piano described in the petition be foreclosed.

*Reversed and rendered.*

ON REHEARING.

Complaint is made in the motion for rehearing, that we failed to consider the cross-assignments of error filed by appellee. The cross-assignments were fully considered by this court, and because we were of the opinion they were without merit, they were overruled. The remarks in the opinion are applicable to many of the cross-assignments, and those not discussed were not considered well taken. The motion for rehearing is overruled.

*Overruled.*