## WARNER v. NORTHWESTERN FIRE & MARINE INS. CO. et al.
### (No. 3186.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 25, 1926. Rehearing Denied March 24, 1926.)

1. Judgment ⬅️888—Where release is given one of several obligors, and rights against others are reserved, latter are responsible for their proportionate part of obligation.

Where release is given to one of several obligors, and reservation of rights against other obligors is inserted for the purpose, other obligors are not released entirely, but are responsible for their proportionate part of obligation.

2. Garnishment ⬅️88—Plaintiff is not entitled to writ without showing that none of several joint debtors has property in his possession within state sufficient to satisfy indebtedness.

Where two or more persons are jointly indebted to plaintiff, he is not entitled to writ without showing that none of them has property in his possession within state sufficient to satisfy indebtedness.

3. Judgment ⬅️888—Joint and several judgment debtor may be released from liability by plaintiff on payment of part of amount of judgment.

Release of one of two joint judgment debtors, on payment of less than amount of judgment by instrument providing that codebtor should continue liable on judgment, was effective, and released debtor was no longer liable thereon.

4. Garnishment ⬅️88.

Where plaintiff released one of joint judgment debtors, with reservation of rights against codebtor, affidavit for writ of garnishment against codebtor need not show that released debtor had no property in his possession sufficient to satisfy judgment.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Garnishment by Ted Warner against the Northwestern Fire & Marine Insurance Company, wherein H. W. Oviett intervened. From a judgment for defendant and intervener, plaintiff appeals. Reversed and remanded.

September 17, 1923, appellant obtained a judgment against appellee H. W. Oviett and one D. W. Rudd, jointly and severally, for the sum of $666.98, interest, and court costs. November 10, 1924, appellant, "in consideration," it was recited in a written instrument he executed, "of the premises and of the payment of valuable consideration by D. W. Rudd," released and discharged said Rudd "from any and all liability whatsoever against him by reason of said judgment." The "premises" referred to were recitals as to the rendition and abstracting of the judgment, and a recital that it had been "fully (quoting) paid and satisfied so far as the defendant D. W. Rudd is concerned." It was provided in the instrument that it should not apply to appellee Oviett, but that he should continue to be liable to appellant on the judgment. August 4, 1925, appellant procured the issuance of a writ of garnishment against the appellee Northwestern Fire & Marine Insurance Company. That company answered September 7, 1925, that it was then indebted to appellee Oviett in the sum of $900 by reason of the fact that an automobile owned by him, and which it had insured against loss by fire, had been (on, to wit, May 24, 1925) destroyed by fire. On the same day, to wit, said September 7th, Oviett filed a petition by which he was allowed to intervene in the suit, and

in which he attacked the sufficiency of appellant's affidavit for the writ of garnishment on the ground that it did not appear therefrom that his codefendant in said judgment, to wit, said D. W. Rudd, did not have property in his possession within this state sufficient to satisfy same. The court, after hearing the case on its merits, sustained appellee Oviett's said exception to appellant's affidavit, and then rendered judgment that appellees "go hence without day" and recover costs of appellant.

Bibb & Caven, of Marshall, for appellant. Scott & Casey, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The trial court found as a fact that Rudd paid appellant $265 for the release referred to in the statement above, but concluded as a matter of law that "there was no consideration for the release." The explanation of the apparent inconsistency lies in the fact, it is assumed, that the court thought the payment of any sum less than the total amount of the judgment was not a sufficient consideration for the release. But, as we understand it, that is not the law in this state. Merchants' Nat. Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091; Id., 33 S. W. 963, 89 Tex. 124; Elgin City Banking Co. v. Self (Tex. Civ. App.) 35 S. W. 953; Bates v. Bank, 32 S. W. 339, 11 Tex. Civ. App. 73; Watkin Music Co. v. Basham, 106 S. W. 734, 48 Tex. Civ. App. 505. In the Bates Case the rule was stated to be that—

"Where * * * a release is given to one of several obligors, and a reservation of rights against the other obligors is inserted for that purpose, the other obligors are not released entirely, but are responsible for their proportionate part of the obligation."

In the Basham Case it was held that the obligors not released were liable for the full amount instead of a proportionate part of the indebtedness unpaid.

[2-4] It is settled in this state that, where two or more persons are jointly indebted to a plaintiff, he is not entitled to the writ of garnishment without showing that none of them has property in his possession within this state sufficient to satisfy the indebtedness. Buerger v. Wells, 222 S. W. 151, 110 Tex. 566; Smith v. City Nat. Bank (Tex. Civ. App.) 140 S. W. 1145. Having concluded—erroneously, we think—that the release was ineffective, and that Rudd therefore never ceased to be liable to appellant on the judgment, the trial court properly, in that view, concluded, further, that the affidavit made the basis of the garnishment proceedings was fatally defective, in that it did not show that Rudd did not have property in his possession within the state sufficient to satisfy appellant's judgment. But it is plain, if the release, as we think, was effective, that Rudd thereafter not only was not jointly liable

with appellee Oviett on the judgment, but that he was not liable thereon at all. In that view it was not necessary that appellant in his affidavit for the writ should have negatived the fact that Rudd did not have property in his possession sufficient to satisfy the judgment. He had a right to proceed, as he did, on the view that the joint liability of Rudd and Oviett to him had ceased, and that Oviett alone was liable to him on the judgment.

It follows from what has been said that we think the judgment is erroneous. It will be reversed and the cause will be remanded to the court below for a trial on its merits.

## MEMORANDUM DECISIONS

**1**

R. R. ABER v. STATE. (No. 9946.) (Court of Criminal Appeals of Texas. March 3, 1926. Rehearing Denied April 7, 1926.) Appeal from District Court, Carson County; W. R. Ewing, Judge. Culwell & Culwell, of Amarillo, for appellant. J. A. Holmes, Dist. Atty., of Miami, Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Conviction is for the unlawful manufacture of intoxicating liquor, with punishment fixed at confinement in the penitentiary for one year and a day. The record is before us without statement of facts or bills of exception. The indictment charges an offense. No question is presented for review. The judgment is affirmed.

### On Motion for Rehearing.

Although the original opinion expressly states that no statement of facts is in the record, a motion for rehearing is filed, in which the contention is made that the evidence does not support the verdict. Without the evidence before us the contention is futile. No reference is made in the motion to the condition of the record. The motion is overruled.

**2**

A. J. BURNS v. STATE. (No. 10112.) (Court of Criminal Appeals of Texas. April 14, 1926.) Appeal from District Court, Houston County; Ben F. Dent, Judge. J. F. Mangum, of Crockett, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for the unlawful manufacture of intoxicating liquor. The punishment is one year in the penitentiary. The record contains neither statement of facts nor bills of exception. There being nothing presented to this court for review, the judgment is affirmed.