**OVIETT (NORTHWESTERN FIRE & MARINE INS. CO. et al.) v. WARNER.**

(No. 873—4623.)

(Commission of Appeals of Texas, Section A. Dec. 1, 1926.)

Release &infin;13(4)—Consideration for release must be more than debtor's payment of part of undisputed debt.

Agreement on which release is founded must be supported by consideration, and this element is lacking when debtor merely pays part of what he unquestionably owes.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Garnishment by Ted Warner against the Northwestern Fire & Marine Insurance Company, wherein H. W. Oviett intervened. Judgment for defendant and intervener was reversed and remanded by the Court of Civil Appeals (281 S. W. 1113), and they bring error. Judgment of Court of Civil Appeals reversed and that of district court affirmed.

Scott & Casey and B. R. Lindsay, all of Marshall, for plaintiffs in error.

Bibb & Caven, of Marshall, for defendant in error.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for garnishee.

NICKELS, J. The case is sufficiently stated in the opinion of the honorable Court of Civil Appeals (281 S. W. 1113).

Because it was thought one of the defendants in the original judgment had been released it was held that a garnishment based

upon an affidavit in which it was not stated that neither of the defendants had "property in his possession * * * subject to execution sufficient to satisfy" the debt was not void—and this upon the theory that the rule announced in Buerger v. Wells, 110 Tex. 566, 222 S. W. 151, and Smith v. City Nat. Bank (Tex. Civ. App.) 140 S. W. 1145, became inapplicable with disappearance of the reason for the rule.

The original judgment was for the sum of $666.98, plus interest and costs, and it was against Oviett and Rudd jointly and severally. Rudd had paid $265 and thereby procured an apparent release. Upon the supposed authority of Merchants' Nat. Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091; Id. 89 Tex. 124, 33 S. W. 963; Bates v. Bank, 11 Tex. Civ. App. 73, 32 S. W. 339; Elgin City Banking Co. v. Self (Tex. Civ. App.) 35 S. W. 953; and Watkin Music Co. v. Basham, 48 Tex. Civ. App. 505, 106 S. W. 734, it was ruled that the release was effective.

Writ of error was allowed upon assignments presenting asserted conflict between the latter ruling and those made in Clifton v. Foster (Tex. Civ. App.) 20 S. W. 1005; Bowdon v. Robinson, 4 Tex. Civ. App. 626, 23 S. W. 816; Foster v. Ross, 33 Tex. Civ. App. 615 (writ refused) 77 S. W. 990; Simmons Hdw. Co. v. Adams (Tex. Civ. App.) 147 S. W. 1196; and Bergman Produce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102, and error in respect to the holdings mentioned.

The law applicable to the facts now involved is correctly stated, we think, in the concluding paragraphs of the opinion in Simmons Hdw. Co. v. Adams, supra, to the effect that the agreement upon which a release is founded must be supported by a consideration, and that this essential element is lacking when the debtor merely pays a part of what he unquestionably owes That ruling has support in the other cases cited to the point.

Nor do the cases cited as being of contrary meaning support the proposition. In each of them distinguishing elements will be found. In Merchants' Nat. Bank v. McAnulty, Swasey's release grew out of separate contract made between the creditor and Casey which was supported by an independent consideration—i. e., payment by Casey, or the partnership of Casey & Swasey, of a portion of the debt for which neither Casey nor the firm was liable, which payment was made without Swasey's then present knowledge, but which was made in his behalf and afterwards ratified by him. Williams disclaimed an interest in certain property and agreed to forego a contest about it in consideration of the release involved in Bates v. Bank, supra. In Elgin City Banking Co. v. Self, supra, it appeared that the agreement as to how and when Self would be released was made prior

to Self's assumption of the indebtedness and as the inducement for that assumption. Mrs. Shinn without contest delivered to the creditor personal property upon which the creditor had a lien as a consideration for the release involved in Watkin Music Co. v. Basham, supra, and in that case, also, it appeared that there had at all times been a question as to whether Mrs. Shinn ever became obligated for the debt. A general distinction between those cases and the one now under consideration is that the important question before the court in each of them had reference to the effect of the release upon the debtor's co-obligors and did not primarily relate to the effect as between the creditor and the debtor apparently released.

It results that the second ruling of the Court of Civil Appeals must be held to involve error, and such error, in turn and as the case is here presented, requires reversal of its judgment.

In respect of the first ruling mentioned by us, separately and meritoriously considered, we neither express nor imply a conclusion.

We recommend that the judgment of the Court of Civil Appeals be reversed and that the judgment of the district court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed and that of the district court affirmed.