## OLIVER CHILLED PLOW WORKS v. ASKEY. (No. 640.)

Court of Civil Appeals of Texas. Eastland.
Dec. 20, 1929.

744

Burch & Woodruff, of Decatur, and A. G. Henry, of Dallas, for appellant.

J. L. Poulter, of Fort Worth, and H. E. Lobdell, of Decatur, for appellee.

LESLIE, J. This is a suit in which W. H. Askey sued the Oliver Chilled Plow Works, a corporation, for the conversion of 39 promissory notes, aggregating the principal sum of $2,380.43, a Georgia stock, valued at $1.50, a harrow, valued at $27.50, and a 3 horse power evener at $7.50. The defendant's answer consisted of a general demurrer and a general denial. The trial was before the court and jury. Upon a verdict to the effect that the notes and implements were by the defendant converted in Wise county, Texas, and that the property was of the value alleged, a judgment was rendered in favor of the plaintiff for the sum of $2,416.93, and the defendant's plea of privilege to be sued in Dallas county, being tried along with the issues in the main case, was overruled. An appeal has been perfected by the defendant.

The facts pertinent to the disposition of this appeal and reflecting the nature of the litigation are substantially these:

The plaintiff Askey was a merchant of Decatur, Wise county, Tex., and began to order farm implements and machinery from the defendant December 8, 1924. Thereafter a series of business transactions of like nature between the parties continued for a considerable time. These relations were interrupted by a disagreement in matters pertaining to the business transacted between the parties. As a result, the plaintiff Askey, on May 19, 1927, filed suit in the district court of Wise county, charging the defendant with the conversion of the personal property hereinbefore named. On May 23, 1927, the defendant filed an answer consisting of a general demurrer and a general denial, and in the opening part of such pleading specifically alleged that the defendant filed such answer, "having previously filed its plea of privilege herein, and without waiving said plea, and still insisting upon the same."

From the record it appears that said plea of privilege was filed May 27, 1927, that no action was taken upon the same, except that a controverting affidavit was filed in due time, and the matter was passed by agreement of the parties, and without prejudice, to be tried when the cause was tried on its merits. At least no point is preserved presenting a refusal by the trial court to grant the defendant a hearing on such plea prior to the trial on the merits. Benson v. Fulmore (Tex. Com. App.) 269 S. W. 71. At the November term,

1928, the main cause was set for trial January 4, 1929, and both parties announced ready, and a jury was selected to try the case, after which time, but immediately thereafter, the defendant endeavored to file various pleadings, some of which the court permitted to be filed, and some he refused. The disposition we shall make of this case renders it unnecessary to give any further consideration to that phase of the controversy.

■ The appellant presents propositions challenging the sufficiency of the evidence to authorize the court to overrule its plea of privilege. Since the suit was one for an alleged conversion of various items of personal property in Wise county, and a prima facie case of conversion of a part thereof in said county was shown, as hereinafter indicated, said propositions will be overruled. Garden Valley Mercantile Co. v. Falkner (Tex. Civ. App.) 189 S. W. 300; First National Bank of Flatonia v. Valenta, 33 Tex. Civ. App. 108, 75 S. W. 1087.

The first authority cited was a case in which the venue was sustained in the county of the plaintiff's residence, since one of the defendants converted some of the property there. In the second case it was held that, where there are two distinct causes of action, of such a nature that they may be joined in the same suit, venue as to one of them will confer venue as to the other.

■ Several propositions relating to the evidence are urged. Some of them present the contention that there is no evidence to support the verdict and judgment. Others challenge its sufficiency to sustain the same. The questions raised by each group of propositions will be disposed of in the order mentioned. These contentions have called for a careful consideration of the testimony, which has been reviewed in the light of the pleadings, and with special regard to the nature of the cause of action, the same being one for conversion.

In approaching a consideration of the points raised, it is essential to keep in mind that in such an action it is necessary for the plaintiff (owner of the converted property) to allege and prove, in substance, that he is such owner and had possession thereof, or right of immediate possession. In other words, as the rule is stated in 38 Cyc. p. 2044: "He who seeks to recover in trover must prove that he was in actual possession of the chattel converted at the time of conversion, or that he had the right of immediate possession thereof, and if such right of immediate possession depends on a property in the chattel, either general or special, he must also prove such property in himself as a fact."

The very gist of an action for conversion is in the right of property or possession, and such an action cannot be maintained for the conversion of chattels by one who does not own the same or have an interest therein, or the right of possession. Epstein v. Meyer

Bros. Drug Co., 82 Tex. 572, 18 S. W. 592; Terry et al. v. Witherspoon (Tex. Civ. App.) 255 S. W. 471, Id. (Com. App.) 267 S. W. 973; Trott v. Flato (Tex. Civ. App.) 244 S. W. 1085.

With these principles in mind, we pass to a direct consideration of the testimony relied on by the plaintiff. It discloses that he at no time, in his pleading or testimony, claimed to be more than a local agent of the defendant, selling machinery and implements in a locality for a commission. He testified that the notes he here charges to have been converted were turned over by him to the defendant as collateral security on his obligations to them. In disposing of the implements the plaintiff appears to have taken in part payment therefor numerous customers' notes. Such are the notes here alleged to have been converted. In delivering them to the defendant, he made a character of written assignment in this language:

"I hereby assign to Oliver Chilled Plow Works, of South Bend, Indiana, as collateral security to my indebtedness, whether due or to become due, the notes listed below. The said Oliver Chilled Plow Works are hereby authorized and empowered to collect, renew or extend the time of payment of any of said notes, without further authority from me, and in so doing assumes no responsibility. Protest, notice of protest, demand or lack of diligence in the collection of said notes is especially waived. It is understood that the proceeds derived from the collection of said collateral, less all expenses of collecting or renewing, is to be applied on indebtedness, either on my notes or accounts, as said Oliver Chilled Plow Works may elect."

Under the authority thus given to the defendant, we perceive nothing unlawful or unnatural in its efforts to collect and preserve its security, especially in view of the fact that the record discloses that the plaintiff is still indebted to the defendant, as evidenced by at least three notes past due and unpaid (so far as this record discloses), executed by the plaintiff to the defendant. On cross-examination the defendant testified:

"All the goods I handled of the Oliver Chilled Plow Works was on the consignment basis. * * * I did not object when they came up here collecting the notes, renewing the notes, and repossessing machinery. I wanted the notes collected, and I wanted the machinery sold and the proceeds applied on the notes. I went with Mr. Sadler. He took the notes I had taken from the various farmers. * * * I had this stuff for sale on commission. * * * The contract was made back in 1924. At that time I made a commission contract with them. * * *

They did not sell me goods just as a wholesaler. * * * They said they would put the goods up here and for me to sell them; if I sold them on a credit, to send them the notes and they would collect them. That is the reason I turned the notes over to them. They said they would do the collecting. I would not have let them take those goods [new machinery] out of the house, but the goods were theirs. The only interest I had in them was the amount of my commission. * * * They shipped the goods up here; they were their property."

It would serve no useful purpose to further lengthen this opinion by quoting the testimony relied upon by the plaintiff. So far as the plaintiff's right of recovery for conversion of the 39 promissory notes is concerned, the evidence, to our mind, is conclusive against the plaintiff's ownership thereof, or any part thereof, as well as his right to possession of the same at the time of the alleged conversion. He failed to prove such general or special property right in the notes as would entitle him to a judgment. The verdict and judgment based upon the conversion of the notes we hold to be unsupported by any testimony. We so hold upon the authority of Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. Further, and in any event, we hold that the evidence, if any, is insufficient to support the judgment, based upon the conversion of the notes, and the verdict and judgment are in fact against the great weight and preponderance of the testimony.

As to the three implements involved in the suit, we are of the opinion there is some evidence tending to support the charge of conversion.

Other propositions are presented in the brief, but they pertain to matters that will doubtless not occur upon another trial. They arose this time largely by reason of loose and delayed pleadings, which should not occur again. We doubt the sufficiency of the petition as against a general demurrer, but no point presents the ruling of the court thereon. In view of a reversal and remand of the cause, we suggest that the trial court direct that both the plaintiff and the defendant replead their respective grounds of recovery and defense. Such, in our judgment, is necessary for a fair presentation of the issues and a proper development of the lawsuit, which, upon the present record, bears more of the earmarks of a suit for an accounting than for conversion.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.

HICKMAN, C. J., and FUNDERBURK, J., concur.