## BEITEL v. BEITEL et al.

### No. 10070.

Court of Civil Appeals of Texas. San Antonio.

June 23, 1937.

Rehearing Denied Oct. 27, 1937.

Weber & Wolfe, of San Antonio, for plaintiff in error.

Dielmann & Brooks, of San Antonio, for defendants in error.

SLATTON, Justice.

Helen A. Thurman, joined by her husband, sued Jesse J. Beitel and others on a promissory note. Jesse J. Beitel answered by demurrers, special and general, and by general denial, and specially pleaded that the note sued on was a joint obligation of the makers and that each maker was liable for only one-third thereof; that the note sued on was made pursuant to a partition agreement between Mrs. Thurman and himself, as well as others, and that such agreement had been breached by Helen A. Thurman. He further pleaded a failure of consideration and set up, by way of cross-action, a conversion of 99 shares of stock of the Beitel Lumber Company, Inc., pledged as collateral to the note in suit. He prayed for damages for such conversion. Ellen Mabel Beitel made default, and judgment was rendered against her accordingly. Francis O. Beitel died pending the suit, and his executrix purchased her peace by an instrument in writing which is in evidence. There was a jury trial, but, at the close of all the evidence, Helen A. Thurman and her husband, as well as Jesse J. Beitel, each requested the court to direct a verdict. The request of Helen A. Thurman was granted and that of Jesse J. Beitel refused. Jesse J. Beitel brings the case before us by writit of error.

■ Plaintiff in error's first proposition in effect complains of the directed verdict against him, because the uncontradicted evidence showed a breach of the note in suit, which was a part of a settlement agreement, in the failure on the part of Helen A. Thurman to sell and deliver to Jesse J. Beitel shares of stock in the Beitel Lumber Company, Inc.

Helen A. Thurman introduced in evidence the note in suit, and the settlement agreement between Helen A. Thurman and Jesse J. Beitel and others was also introduced in evidence. Helen A. Thurman testified that she had not transferred any stock of the Beitel Lumber Company to Jesse J. Beitel. The settlement agreement offered in evidence, together with the note, clearly shows an effectual transfer from Helen A. Thurman to Jesse J. Beitel of not only any and all interest Helen A. Thurman had in the stock of the Beitel Lumber Company, Inc., but also her interest in and to the estate of Albert Beitel, deceased. She further testified that she never had any stock of the Beitel Lumber Company, Inc., in her name.

It appears that the written settlement agreement hereinbefore mentioned was made on or about October 8, 1930, by and between the heirs at law of Albert Beitel, deceased, and was made subsequent to the filing of a suit by Helen A. Thurman seeking to recover her interest in the Albert Beitel estate. The settlement agreement and the note in suit show a completely executed transaction by and between the parties involved, and the only default, as shown by the evidence, was the failure to pay the note. Hence it was not error for the court to direct a verdict.

■ By his second proposition plaintiff in error complains of the directed verdict against him by the trial court, claiming that there was an issue of fact for the jury to determine as to whether of not the note sued on was executed and delivered for the purpose of carrying out a prior written executory agreement.

We think the note and the settlement agreement were a part of the same transaction; the alleged breach, as claimed, is the fact that Helen A. Thurman did not transfer any stock to Jesse J. Beitel. Our construction of the settlement agreement as between the parties is that it effectually was a transfer of all the interest of Helen A. Thurman to Jesse J. Beitel and others, in the estate of Albert Beitel, deceased. The settlement agreement shows that the estate consisted of real estate and stock in the Beitel Lumber Company, Inc. It is true that Helen A. Thurman testified that she did not transfer any stock of the Beitel Lumber Company, Inc., to Jesse J. Beitel. She further testified that she never had any of the stock in her name. However, as we have heretofore pointed out, the agreement itself transferred whatever interest she had, not only in the stock of the Beitel Lumber Company, Inc., but in all other property belonging to the estate of Albert Beitel, deceased.

Furthermore, Helen A. Thurman was the only witness testifying in the case. The note and settlement agreement were made, executed, and delivered on or about the 8th day of October, 1930, and, if Jesse J. Beitel had not received and had transferred to him the stock called for by the settlement agreement, it seems that it would be his duty to so testify. This he did not do. If any provision of the settlement agreement and the note sued on had not been fully performed by Helen A. Thurman, Jesse J. Beitel, it seems to us, would be in a

good position to know the facts and so advise the court. His silence and failure to give evidence of any breach claimed, in the absence of evidence from other sources, definitely justified the trial court in directing a verdict against him.

By his third and fourth propositions plaintiff in error complains of the directed verdict by the trial court against him on his cross-action, in which he alleged a conversion by Helen A. Thurman of 99 shares of capital stock of the Beitel Lumber Company, Inc., which had been given as collateral security for the note in suit. These propositions are without merit, for the reason that Jesse J. Beitel did not allege, nor did he offer evidence, that he owned or had any interest in the collateral security pledged. As is said in the case of Oliver Chilled Plow Works v. Askey (Tex.Civ.App.) 22 S.W.(2d) 743, 744: "The very gist of an action for conversion is in the right of property or possession, and such an action cannot be maintained for the conversion of chattels by one who does not own the same or have an interest therein, or the right of possession."

Then, too, there was no evidence as to the value of the stock. Plaintiff in error seeks to avoid this by applying the rule generally applied with reference to commercial paper; that is, that the value of commercial paper is presumed to be the face value thereof, unless shown to be otherwise by evidence. We do not think that rule has application to corporate stock. The only evidence in the record before us as to the value of the stock in question was that Helen A. Thurman and the other parties to the settlement agreement considered the stock, on October 8, 1930, to be of par value.

Plaintiff in error makes the further complaint that the sale of the collateral security, that is, 99 shares of stock in the Beitel Lumber Company, Inc., by Helen A. Thurman was illegal. What we have heretofore said in regard to the conversion is also applicable here. Also, the presumption is that the sale of the collateral by Helen A. Thurman was legal and, in the absence of evidence, that presumption prevails. Here, again, it appears to us that if there had been a sale of such collateral not in accordance with the provisions of the note and collateral agreement, that Jesse J. Beitel could have furnished the court evidence thereof. His failure to do so renders the ruling of the trial court correct.

Proposition No. 5 brings in question the action of the court in directing a verdict on the cross-action, in that there was a question of fact to be decided by the jury as to whether or not the collateral was sold at a fair price. We have already pointed out that there was no competent evidence offered as to the value of the collateral, therefore it follows that the trial court was correct in instructing a verdict.

By his subsequent propositions plaintiff in error assails the action of the court in directing a verdict against him for the entire amount of the unpaid portion of the note, claiming that there was an unconditional release given by defendant in error pending the suit, to the executrix of one of the comakers of the note. It appears that during the pendency of the suit Francis Beitel died, and his surviving wife, Nellie Mae Beitel, was duly appointed his executrix, and, in consideration of the payment of $3,766.76 by her to the defendant in error Helen A. Thurman, executed an instrument in writing, which she considers a covenant not to sue. Credit was given on the note for the amount paid. The covenant, among other things, provided:

"Now, therefore, receipt is hereby acknowledged by Mrs. Helen A. Thurman and husband, W. D. Thurman, of the sum of three thousand seven hundred sixty-six and 76/100 dollars ($3,766.76) this day paid by Nellie Mae Beitel upon the said indebtedness evidenced by said note; and the said Helen A. Thurman, joined by her husband, W. D. Thurman, the owner and holder of said note, hereby agree not to further prosecute said suit against the said Frank O. Beitel or his estate or representatives or surviving wife, and covenant never to sue or assert any further suit or liability against him, his property, his heirs, surviving wife, or estate, or representatives thereof thereon, and hereby agree to hold him, his property, heirs, surviving wife, and estate and representatives thereof harmless from any further claim on said indebtedness. But it is expressly understood and agreed that the said Helen A. Thurman and husband, W. D. Thurman, hereby reserve the right to collect from Jesse Beitel and Ellen Mabel Beitel each only their respective shares of the said indebtedness.

"Executed in duplicate this 12th day of August, A. D. 1935."

The wording of the agreement is quite similar to the wording of the release

of a judgment in the case of Pennington v. Bevering (Tex.Com.App.) 17 S.W.(2d) 772, in which the contention that the release was a full release of judgment was overruled, and that the intention of the parties was to release the judgment only as to the party named. The instrument before us clearly evidences the intention of the parties to hold the estate of Francis Beitel and his surviving wife harmless and not to sue them on the note. The instrument itself being the only evidence offered on the question raised, the construction of the instrument and its legal effect were matters for the court to decide, and not questions of fact for the jury to pass upon. The instrument in using the words: "But it is expressly understood and agreed that the said Helen A. Thurman and husband W. D. Thurman hereby reserve the right to collect from Jesse Beitel and Ellen Mabel Beitel each only their respective shares of the said indebtedness," completely negatives any idea that it was in any manner a release in so far as Jesse Beitel and Ellen Mabel Beitel are concerned. The plaintiff in error makes the point that such statement limits the recovery by the defendant in error against Jesse J. Beitel to a one-third of the note, presumably on the statement, "each only their respective shares of the said indebtedness." Each signer of the note, by its terms, became liable for the entire amount of the note. As between the makers of the note they were only liable for a one-third of the amount, but, as between the makers and the payee of the note, they were each liable for the entire amount of the note. Will A. Watkin Music Co. v. Basham, 48 Tex.Civ.App. 505, 106 S.W. 734.

Plaintiff in error was given contribution against his codefendant, Ellen Mabel Beitel, for any amount that he is required to pay in excess of his pro rata part of said judgment. He does not complain of the dismissal as to Francis O. Beitel, the other comaker of the note; the said Francis O. Beitel, deceased, being in the suit through his personal representative, Nellie Mae Beitel.

Plaintiff in error having shown no reversible error, it follows that the judgment of the trial court should be and is affirmed.

## On Motion for Rehearing.

Plaintiff in error, by his motion for rehearing, calls in question our ruling in the original opinion, wherein we approved the action of the trial court in directing a verdict against him on his cross-action for conversion of capital stock.

 We desire to predicate our approval of the trial court's action in directing a verdict on the cross-action for the reason that the plaintiff in error did not allege, nor did he offer evidence of, ownership, interest, or right of possession in the stock, and therefore the trial court was correct in directing a verdict.

What we said with reference to the par value of corporate stock not being presumed to be of face value until otherwise shown by evidence is not necessary to the determination of this case, and we therefore withdraw that part of the original opinion. In all other respects the motion for rehearing is overruled.