**Mrs. Mabel FRIEDMAN et al., Appellants,**

v.

**MARTINI TILE & TERRAZZO COMPANY, Inc., Appellee.**

**No. 15767.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 18, 1957.

McGregor & Sewell and Ben G. Sewell, Houston, for appellants.

Butler, Binion, Rice & Cook and Frank Briscoe, Houston, for appellee.

· BOYD, Justice.

Following their declination to amend after the court sustained exceptions filed by appellee Martini Tile & Terrazzo Company, Inc., to their petition, the suit of appellants Mrs. Mabel Friedman and Sakowitz Bros. was dismissed. Hence this appeal.

Since the appeal relates solely to the question of the sufficiency of the petition to state a cause, or causes, of action, it is necessary to set out the pleadings in some detail.

Appellants alleged:

"Sakowitz Bros. did on February 9, 1953 and does now maintain in the City of Houston a retail merchandising establishment occupying a building at 1111 Main Street. During the regular store hours for Monday, February 9, 1953 (the store opening later than usual in the morning and staying open later than usual in the evening on Mondays), at or about 6:00 o'clock p. m., Mrs. Mabel Friedman entered the store for the purpose of visiting the tea room located in the building and doing some shopping. While proceeding across the ground floor she suddenly slipped and fell because of the unusual slippery and hazardous condition of the floor at this place. This unusually slippery and unsafe condition of the floor was caused solely by reason of the negligence of the defendant tile company in the respects hereinafter described. The floor is what is known as a terrazzo or tile floor. It has a very hard surface and when Mrs. Friedman fell she received injuries of a very serious nature as hereinafter described.

"Some days prior to the occurrence described above Sakowitz Bros. had made arrangements for the defendant tile com-

pany to apply a sealer or filler to the terrazzo floor in question. The defendant tile company proceeded with this work on Sunday, February 8, the day before Mrs. Friedman fell, and the work of applying the sealer or filler and buffing the floor continued until late in the night of February 8th. The defendant tile company well knew that the floor would be used by many customers of the store during the following day and well knew that if a proper sealer was not applied to the floor or if the sealer was not applied in a proper manner and the floor properly buffed, a condition would result rendering it dangerous and unsafe to customers or other invitees or business guests of Sakowitz Bros. having occasion to use the floor on the following day. The situation was such that, under the circumstances, the work performed by the tile company, even if the work was completed, resulted in a condition which was imminently dangerous to third persons. (Sakowitz Bros. denies that the work was, in fact completed, and alleges that the defendant tile company remained under the continuing obligation to work on the floor until it was in proper condition.) This condition if not known to the defendant tile company when the work was done should, in the exercise of ordinary care have been known to them, and was in fact brought to their direct attention and made known to them during the afternoon of February 9, 1953, prior to the time Mrs. Friedman fell, because other customers of Sakowitz Bros. had fallen on the slick floor and Sakowitz Bros. had notified the defendant tile company and requested that said company immediately remedy the condition or advise what steps should be taken to eliminate the dangers resulting from the defective and dangerous condition brought about and created by the tile company."

There were specific allegations of negligence, and then the petition continued:

"The plaintiff Sakowitz Bros. owed to all its customers and business visitors, including Mrs. Friedman, the duty to exercise ordinary care with respect to the maintenance of the premises in a reasonably safe condition. This was non-delegable duty and Sakowitz Bros. could not relieve itself of this duty by delegating the work which was done on the floor to an independent contractor and would remain liable to Mrs. Friedman for damages on account of her injuries which were due to the dangerous condition of the floor at the place where she fell, even though the dangerous and defective condition of the floor was due solely to the negligent acts and omissions of the defendant tile company, which company was, as to Sakowitz Bros., an independent contractor, Sakowitz Bros. having retained no control and having retained no right to control the details of the manner in which the work was done on the floor by the tile company. In recognition of this non-delegable duty and its liability and responsibility to Mrs. Friedman even though it was free from any negligence, Sakowitz Bros. entered into a certain agreement with Mrs. Friedman, dated February 2, 1954, under the terms of which, in consideration for the payment to her of Seven Thousand ($7,000.00) Dollars, Mrs. Friedman agreed not to sue Sakowitz Bros. and transferred and assigned to Sakowitz Bros. her entire cause of action, except to the extent of $100.00, against the defendant tile company and authorized suit to be maintained in her name. This action is brought for the purpose of enforcing recovery upon said cause of action in its entirety by reason of the negligence of the defendant tile company in the respects alleged above, as well as the cause of action of Sakowitz Bros., independent of said assignment."

Sakowitz Bros. alleged that aside from any arrangement with Mrs. Friedman it was entitled to indemnity and in the alternative to contribution from appellee. Full indemnity was sought on the grounds that appellee's negligence was the sole proximate cause of Mrs. Friedman's injuries, and that even if Sakowitz Bros. and appellee were joint tort-feasors, the negligence of Sakowitz Bros. was passive, the only active negligence being that of appel-

lec, and that appellee owed Sakowitz Bros. a duty of due care which was breached. In the alternative, it was alleged that Sakowitz Bros. was entitled to contribution from appellee.

The exceptions of appellee which were sustained urged that the petition failed to state a cause of action:

"(a) In that it is apparent from the face of plaintiffs' petition that the plaintiff Mrs. Mabel Friedman has only one indivisible cause of action for the injuries sustained by her in the accident of February 9, 1953 for which she is entitled to only one payment and satisfaction, and it is apparent from plaintiffs' petition that she has received payment and satisfaction for such cause of action from the plaintiff Sakowotz Bros. and has, in fact, released such claim in consideration of such payment to her and, therefore, such claim and cause of action have been released and extinguished.

"(b) For the reason that the purported retention by the plaintiff, Mrs. Mabel Friedman, of a One Hundred Dollar ($100.-00) interest in her cause of action is invalid as an attempt to split an indivisible single cause of action; that the retention of such purported One Hundred Dollar ($100.-00) interest in such cause of action by Mrs. Mabel Friedman is obviously a mere subterfuge and in truth and in fact Mrs. Mabel Friedman has no real interest herein; and even in the event that such retention of such alleged One Hundred Dollar ($100.-00) interest by Mrs. Friedman in such cause of action is valid that the amount of the interest of the said Mrs. Friedman for which she seeks recovery herein is below the jurisdiction of this court and that the suit and cause of action of the said Mrs. Mabel Friedman is improperly joined with the suit and cause of action asserted by Sakowitz Bros., and the suit and cause of action of the said Mrs. Mabel Friedman being for the sum of One Hundred Dollars ($100.00) is below the jurisdiction of this

Court and should be dismissed for want of jurisdiction.

"(c) For the reason that under the allegations of plaintiffs' petition plaintiff Sakowitz Bros. recognized a liability to the plaintiff Mrs. Mabel Friedman for injuries sustained by her resulting proximately from an admitted breach of duty by Sakowitz Bros. to the said Mrs. Mabel Friedman, and that therefore under the allegations of said petition plaintiff Sakowitz Bros. was a tort-feasor with this defendant; and therefore the purported purchase by plaintiff Sakowitz Bros. of the cause of action of the said Mrs. Mabel Friedman is invalid and insufficient to keep alive said asserted cause of action in favor of Sakowitz Bros. as the purported assignee against this defendant for the reason that it is against public policy to permit a wrong-doer to profit by his wrong.

"(d) For the reason that it is apparent from the face of plaintiffs' petition that plaintiff Sakowitz Bros. was a volunteer in making a settlement with the plaintiff Mabel Friedman, and that such settlement or purchase of a purported assignment was not made under any legal compulsion resulting from any judgment rendered against Sakowitz Bros. in favor of the said Mrs. Mabel Friedman, and no cause of action can arise for indemnity or contribution or otherwise in favor of plaintiff Sakowitz Bros. for payments voluntarily made by it to plaintiff Mabel Friedman."

Questions to be determined involve the right of one of two alleged tort-feasors to purchase from the injured party a covenant not to sue and an assignment of the cause of action; the effect of such assignment; whether the assignee has a right to sue thereon; as well as the right of common law indemnity or statutory contribution.

In our opinion, appellee's contention that the assignment operated to release Mrs. Friedman's claim against it cannot be sustained. We think under the authorities

the assignment and covenant not to sue, in so far as the terms are reflected in the petition, did not operate to release appellee. Will A. Watkin Music Co. v. Basham, 48 Tex.Civ.App. 505, 106 S.W. 734; Robertson v. Trammell, 98 Tex. 364, 83 S.W. 1098; City of Chicago v. Babcock, 143 Ill. 358, 32 N.E. 271; Abb v. Northern Pacific Railway Company, 58 L.R.A. 293; Gillette Motor Transport Co. v. Whitfield, Tex.Civ. App., 186 S.W.2d 90; Gomez v. City Transp. Co. of Dallas, Tex.Civ.App., 262 S.W.2d 417; Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703; 36 Tex.Jur., pp. 799–800, sec. 4, and pp. 824–826, sec. 24,

■■ It seems to be the rule that all or any part of a cause of action may be assigned. Gulf, C. & S. F. Ry. Co. v. Eldredge, 35 Tex.Civ.App. 467, 80 S.W. 556; Trinity County Lumber Co. v. Holt, Tex.Civ.App., 144 S.W. 1029, writ refused; McCloskey v. San Antonio Traction Co., Tex.Civ.App., 192 S.W. 1116, writ refused; Bradshaw v. Baylor University, supra. After the assignment of an interest, we think the cause of action remains as one cause of action; and, if so, the court had jurisdiction.

Article 1906a, Vernon's Ann.Civ.St., provides that "Where two or more persons originally and properly join in one suit, the suit for jurisdictional purposes shall be treated as if one party were suing for the aggregate amount of all their claims added together, exclusive of interest and cost; * * *." It seems that the Article renders inapplicable the rule announced in Long v. City of Wichita Falls, 142 Tex. 202, 176 S.W.2d 936.

The contention that the assignment is against public policy and therefore void seems to be supported by very respectable authority; and appellee relies in part on the reasoning of the Court of Civil Appeals in Baylor University v. Bradshaw, 52 S.W. 2d 1094, and the authorities there cited. In that case it was shown that Bradshaw had been injured when a bus owned and operated by the University collided with an International-Great Northern train. The Railroad Company paid Bradshaw $6,500, for which payment Bradshaw covenanted not to sue the Railroad Company; that he would indemnify the Railroad Company against any action brought to recover for his interest; and that he would set over to the Railroad Company whatever cause of action he had against the University except a $100 interest therein. The Railroad Company then, in Bradshaw's name, filed suit against the University for a sum in excess of the $6,500 plus the $100. The University impleaded the Railroad Company, alleging that the assignment was against public policy and void; and asked that, in the event of an adverse judgment, it have contribution or indemnity against the Railroad Company as a joint tort-feasor. The University and the Railroad Company were both adjudged guilty of negligence proximately causing Bradshaw's injuries, and Bradshaw's damage was found to be $6,500. Judgment was rendered for Bradshaw against the University for $6,500, and in favor of the University upon its contribution plea for $3,250. The Court of Civil Appeals reversed the judgment against the University and the judgment over against the Railroad Company.

■ The case reached the Commission of Appeals, Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703, 704. There the court said: "With most of the opinion of the Court of Civil Appeals we are in accord, but we do not concur in the holding that the assignment of the cause of action against Baylor University to the railroad company is against public policy and therefore void. Neither do we agree that the entire liability of Baylor University was extinguished thereby. Under the common law the effect of such an assignment might be to enable a tort-feasor to reap a profit from his own dereliction. Manifestly it would be contrary to sound public policy to permit him to do so. But the common law has been modified in this state by statute, article 2212, the evident purpose of

which was to equalize the burden between solvent tort-feasors. Lottman v. Cuilla, Tex.Com.App., 288 S.W. 123. Under a proper application of that statute, as this court construes it, a tort-feasor could reap no profit from his own dereliction, but might, in a proper proceeding, enforce contribution. To that end it is conceivable that the taking of an assignment of the cause of action from the injured party might be to the interest of all concerned. We have deemed it advisable thus to indicate our disagreement with the Court of Civil Appeals, although it is recognized that a decision of the case before us does not rest upon the construction of the named article of the statute * * *." The Commission affirmed, notwithstanding its disagreement with the opinion of the Court of Civil Appeals. It will be noted, however, that Bradshaw's damage was found to be in the exact amount paid to him by the Railroad Company; and the latter filed no pleading, in its own name or through Bradshaw, seeking contribution from Baylor University. We do not think the assignment is against public policy.

▆ The petition alleged that appellee's negligence was the sole proximate cause of Mrs. Friedman's injuries. In such case, the liability of Sakowitz Bros., if any, would arise by virtue of the rule that it had a nondelegable duty to exercise ordinary care to maintain the floor in a reasonably safe condition; and it is our opinion that Sakowitz Bros. has stated a cause of action against appellee for indemnity. Westheimer Transfer & Storage Co., Inc., v. Houston Bldg. Co., Inc., Tex.Civ.App., 198 S.W.2d 465; Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; Galveston, H. & S. A. Ry. Co. v. Pigott, 54 Tex.Civ.App. 367, 116 S.W. 841; Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824; Magnolia Petroleum Co. v. Long, 126 Tex. 195, 86 S.W.2d 450; City of San Antonio v. Smith, 94 Tex. 266, 59 S.W. 1109; Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563; Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301;

Humble Oil & Refining Co. v. Martin, 148 Tex. 175, 222 S.W.2d 995.

Our holding requires a reversal and remand, irrespective of whether Sakowitz Bros. is entitled to contribution in the event it fails to prove its case under the assignment of the cause of action or for full indemnity.

Article 2212 provides that "Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, * * * shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment * * *."

▆ If the Article is to be literally construed, no right of contribution could arise until one defendant had paid a judgment rendered against him and another. We have seen no Texas case authoritatively holding that the Article should be so literally construed. On the other hand, it has been held that a defendant may, before judgment, ask for contribution in a suit against himself and a joint tort-feasor, or may implead a joint tort-feasor in a suit against himself alone. Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, 1007. In the case just cited, it was said, "* * * we think when The Parisian sued Gattegno alone he had the right to retain Muir in the suit and compel him to contribute the same as though he had been sued by The Parisian. * * * he [Muir] is also at least a proper party as concerns the right of Gattegno to contribution from him *under the provisions of the above statute* [Article 2212]." (Emphasis supplied.)

In Lottman v. Cuilla, Tex.Com.App., 288 S.W. 123, 126, speaking of the same Article, the court said: "It is true literally the statute applies to judgments rendered against two or more wrongdoers. But the evident

purpose of the act was to relieve the rigor of the common law, so as to place the burden, as amongst themselves, equally upon all the solvent tort-feasors." There it is indicated that the Article should be construed as giving the substantive right to contribution rather than limiting the mode of application. Bradshaw v. Baylor University, 126 Tex. 99, 84 S.W.2d 703; "Contribution and Indemnity Among Tortfeasors," by Professor Gus M. Hodges, 26 Texas Law Review, 150.

We have concluded that the petition stated a cause of action for contribution.

The judgment is reversed and the cause remanded.