Geraldine SISCO, Appellant,

v.

Jesus Enrique BRIONES, Appellee.

No. 04–90–00505–CV.

Court of Appeals of Texas,
San Antonio.

March 20, 1991.

Rehearing Denied April 18, 1991.

Emilio Davila, Jr., Laredo, for appellant.

Teresa A. Hunter, Laredo, for appellee.

Before CHAPA, PEEPLES and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant, Geraldine Sisco, appeals a default judgment granted to appellee, Jesus Enrique Briones, upon the failure of appellant to answer, following substituted service.

The dispositive issue is whether the trial court erred in denying a motion for new trial. TEX.R.APP.P. 90. We reverse and remand.

■ While the issue of whether the trial court erred in denying a motion for new trial is "directed to the sound discretion of the trial court", "it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). In *Craddock,* the Texas Supreme Court established the guiding rule to be applied in determining whether a new trial should be granted:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial set up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.

*Id.*

In *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984), the supreme court emphasized that "[w]here factual allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct." The court clarified this guiding rule as it pertains to uncontroverted affidavits and abuse of discretion and stated that:

Finally, [plaintiff-appellee] contends that if the trial court conducts a hearing on a defaulting defendant's motion for new trial the appellate court should not substitute its discretion for that of the trial court. The issue is not one of which court's discretion shall prevail. Rather, it is a matter of the appellate court reviewing the acts of the trial court to determine if a mistake of law was made. The law in the instant case is set out in *Craddock.* That law requires the trial court to test the motion for new trial and the accompanying affidavits against the requirements of *Craddock.* If the motion and affidavits meet those requirements, a new trial should be granted. *Id.* at 39.

Additionally, the supreme court noted that where the issue rests on whether the granting of the new trial will occasion a delay or otherwise work an injury to the plaintiff, "the trial court should properly [grant] the motion for new trial", if "the record is absent of any evidence of hardship or undue delay which would be suffered by the plaintiff...." *Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 98 (Tex.1986).

■ The record reflects that appellant's motion for a new trial alleged that appellant's failure to respond was not intentional or the result of conscious indifference; that appellant had a meritorious defense; that appellant was willing to reimburse the appellee for the attorneys' fees spent in the attending default judgment; and, that appellant was willing and able to promptly proceed to trial so as not to inconvenience the plaintiff. The accompanying affidavit of the appellant also asserts that her failure to respond was not intentional or the result of conscious indifference, but rather, was due to accident or mistake; that appellant relied on several attorneys that she consulted with to take the necessary actions, who apparently failed to do so; that appellant did make an appearance before default was granted by sending a telegram to the court, which advised the court of appellant's inability to be present on that date due to illness, and included appellant's request for a continuance, which appellant presumed the court had granted; and, that appellant failed to appear on the subsequent date, when the default was granted, because she was not notified by any of the attorneys she consulted, the court, or the appellee.

Appellant's affidavit further asserts that she has a meritorious defense against appellee's claim. Appellant claims that she

owes appellee nothing, inasmuch as she has already paid to Solomon (judgment holder), as evidenced by a written agreement, her share of the judgment Solomon has against both the appellant and appellee, which forms the entire basis of appellee's claim. Finally, appellant's affidavit insists that she is ready and willing to promptly proceed to trial, and will reimburse the appellee for any attorneys' fees spent in obtaining the default judgment.

The record reflects that appellee failed to file a response or any controverting affidavits, contradicting the assertions of the appellant. At the hearing, appellee was the only witness presented on his behalf, and he controverted nothing. The record is absent of any evidence of hardship or undue delay which would be suffered by the appellee as a result of the granting of the new trial, and the court's remarks clearly show that this issue had no bearing on the court's decision to deny the new trial. *Angelo*, 713 S.W.2d at 98.

■ The record further shows that although the trial court touched on the matter of conscious indifference, the major influence upon the trial court's decision to deny the new trial was clearly due to the trial judge's finding that the appellant had failed to allege a meritorious defense. We will address the question of whether a meritorious defense was, in fact, alleged; however, a brief summary of the underlying facts is necessary.

Briones (appellee) alleged that Solomon (judgment holder against both appellant and appellee) was trying to collect from him, Sisco's (appellant) portion of the attorneys' fees awarded to Solomon against appellee and appellant, in cause No. 33,324 (a district court judgment). Briones sued, arguing that the settlement agreement between Solomon and Sisco as to Sisco's obligation under the judgment, wiped out this debt entirely. In the alternative, Briones sought contribution from Sisco, for any portion of Sisco's share of the attorneys' fees Briones had to pay to Solomon. A default judgment was entered for Briones in the amount of $8,355.76, representing Sisco's portion of the principal amount of

the judgment, plus interest. The meritorious defense alleged by Sisco is that the assessment of any liability for attorneys' fees against her would be in contravention of the agreement between her and Solomon, signed November 26, 1986; therefore, any reimbursement to Briones for payment of Sisco's share of the attorneys' fees would also be improper. The agreement referred to states in its second numbered paragraph that the Solomons will not seek to recover attorneys' fees or costs against Sisco in *Solomon v. Peña*, which is cause No. 33,324 herein involved. The question is whether Sisco's assertion of this agreement is a meritorious defense to Briones' claim for contribution or reimbursement for Sisco's share of attorneys' fees paid to Solomon by Briones.

■ In order for the motion to set up a meritorious defense, it must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving, prima facie, the existence of such a defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966); *Walker v. Robinson*, 683 S.W.2d 875, 877 (Tex. App.—Texarkana 1984, no writ).

Since the present case is not a tort case, none of the statutory contribution schemes apply. TEX.CIV.PRAC. & REM.CODE ANN. § 32.001, § 33.001 (Vernon 1986). Additionally, *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984), is inapplicable because *Duncan* applies only to products cases involving strict liability, mixed theories of strict liability and negligence, or UCC breach of warranty cases filed before September 2, 1987. We thus have to look to common law.

■ A party may release one of several defendants, and the release of a named party releases him and no others. *McMillen v. Klingensmith*, 467 S.W.2d 193, 196 (Tex.1971). Likewise, a covenant not to sue operates as an extinguishment of the debt as to the covenantee. *Bates v. Wills Point Bank*, 11 Tex.Civ.App. 73, 32 S.W. 339, 341 (1895, no writ).

While each codebtor is liable to the judgment creditor for the whole debt, as to each other, the codebtors are liable only for their proportional share of the debt. *Merchants' Nat'l Bank v. McAnulty*, 89 Tex. 124, 33 S.W. 963, 966 (1896); *Warner v Northwestern Fire & Marine Ins. Co.*, 281 S.W. 1113, 1114 (Civ.App.—Texarkana), *rev'd sub nom. Oviett v. Warner*, 288 S.W. 434 (Tex.Comm'n App.1926, judgm't adopted); *Bates*, 32 S.W. at 341. Therefore, if one codebtor is discharged but pays less than his full share, the others, who are forced to pay more, are entitled to contribution from the discharged debtor. *Pegues v. Moss*, 140 S.W.2d 461, 468 (Tex.Civ.App.—El Paso 1940, writ dism'd by agr.); *Will A. Watkin Music Co. v. Basham*, 106 S.W. 734, 736 (Tex.Civ.App.1907, no writ). Conversely, if the discharged codebtor has paid more than his proportional share, he may obtain contribution from his codebtors, notwithstanding the discharge. *McAnulty*, 33 S.W. at 966.

Therefore, in the present case, whether Sisco owes Briones contribution depends upon how much of her share of the judgment she paid in settling up with Solomon. Her assertion that she owes Briones no money by virtue of the settlement agreement can be construed as an assertion that she has already paid Solomon what she owes her. Appellant has thus set up a meritorious defense.

Further, the record reflects that the appellee failed to controvert the allegations of the movant's motion and affidavit as to the question of conscious indifference and meritorious defense, and the court should have granted the new trial. *Strackbein*, 671 S.W.2d at 39.

The judgment is reversed and remanded for a new trial.